Paul C. Ficht, as Building Inspector of the City of Clearwater, and City of Clearwater v. D. C. McMullen, Lamar Rankin and C. L. McKernon, as Trustees of Greater Tampa Development Corporation.

195 So. 610
Division A
Opinion Filed April 19, 1940

*Ralph Richards,* for Plaintiffs in Error;

*D. C. McMullen, Neil C. McMullen* and *Polhill & Simmons,* for Defendants in Error.

Per Curiam.—Writ of error brings for review final judgment awarding writ of mandamus, the command of which is:

"These are Therefore to Command You, Paul C. Ficht, as Building Inspector of the City of Clearwater, Florida, and the City of Clearwater, Florida, a Municipal Corporation, Respondents, forthwith to issue to the Petitioners herein, viz., D. C. McMullen, Lamar Rankin and C. L. McKernon as Trustees of Greater Tampa Development Corporation, a corporation, a permit for the construction and erection of the gasoline filling station referred to and described in the petition for alternative

writ of mandamus filed in this cause, and this you will in no wise omit under such penalty as may be provided by law."

The record shows that alternative writ of mandamus was issued; that the respondents filed answer to the alternative writ; that petitioners filed motion for peremptory writ, notwithstanding the answer. Motion was granted.

The respondents filed application for leave to amend the answer and tendered with the application a proposed amendment to the answer. The court heard arguments of counsel for the respective parties and denied the application to file amended return.

In the alternative writ it was alleged that the zoning ordinance, being ordinance No. 437 enacted by the City Commission of the City of Clearwater, was void because of non-compliance with the law in regard to the passage of such zoning ordinance and respondents admit the infirmity. The amended answer sought to set up as matters of defense Sections 12-c and 12-d of ordinance No. 283 which sections of such ordinance were pleaded as follows:

"Section 12(c). Filling Stations, Repair Shops and Public Garages. No building or premises shall be occupied or used, or any building be erected, altered or enlarged to be used or occupied as a gasoline and oil filling or service station, repair shop or public garage in a Residence District and in a Business or Manufacturing District only with the written consent of the owners or lessors of the property on both sides of the street adjacent to the said block first procured and filed with the Building Inspector."

"Section 12(d) Offensive Business or Manufacturing Uses. No use otherwise permitted by this ordinance shall be utilized or availed of for the purposes calculated to create a public nuisance, unduly to increase fire hazard or traffic

congestion, or to endanger the safety, health, morals or general welfare of the City of Clearwater."

The court held that the provision of Section 12(c) in the following language: "in a Business or Manufacturing District only with the written consent of the owners or lessors of the property on both sides of the street adjacent to the said block first procured and filed with the Building Inspector," was unconstitutional and void. Respondents agree with this conclusion and, therefore, respondents relied on Section 12(d), *supra,* for authority to deny the permit.

In the proposed amendment the respondents alleged:

"Section 12(d). Offensive Business or Manufacturing Uses. No use otherwise permitted by this ordinance shall be utilized or availed of for purposes calculated to create a public nuisance, unduly to increase fire hazard or traffic congestion, or to endanger the safety, health, morals or general welfare of the City of Clearwater.

"And Respondents say that the erection of a filling station on Petitioners' property would unduly increase traffic congestion for the following reasons: The property owned by Petitioners is located at the Northwest corner of Cleveland Street and Osceola Avenue, within one block of the heart of the business district of the City of Clearwater; Cleveland Street is one of the principal business thoroughfares of the City of Clearwater, and its extension in a westerly direction constitutes the causeway leading to Clearwater Beach; Osceola Avenue is a business and residential street, running north and south; there are no other north-and-south streets on the mainland west of Osceola Avenue, the next nearest north-and-south street being on Clearwater Beach approximately one and one-half miles to the west; a very large volume of traffic passes the intersection of Cleveland Street and Osceola Avenue, chiefly east

and west traffic to and from Clearwater Beach; no 'U' turns are permitted at the intersection of Cleveland Street and Osceola Avenue, and it would be very dangerous to permit such turns at this intersection; a motorist leaving this intersection and traveling west cannot legally make a 'U' turn until he descends a steep hill and drives a distance of several city blocks to the causeway entrance; 'U' turns are permitted at the causeway entrance, but a large number of cars making 'U' turns at this point would cause undue traffic congestion and endanger life because of the large volume of traffic constantly passing over the causeway; at the present time very few 'U' turns are made at the causeway entrance because a vast majority of the cars passing the intersection of Cleveland Street and Osceola Avenue and driving west are bound across the causeway to Cleveland Beach; if a filling station is erected on the property owned by Petitioners at the Northwest corner of Cleveland Street and Osceola Avenue, said station will be used chiefly by motorists proceeding south on Osceola Avenue or west on Cleveland Street, since such motorists can enter the station without making a left turn; a certain percentage of these motorists, upon leaving the westerly exit of the filling station, will not wish to proceed across the causeway to Clearwater Beach; such motorists will be tempted to make an illegal 'U' turn on Cleveland Street in order to save themselves a long trip to the causeway entrance, or, if they proceed to the causeway entrance before turning, a large number of cars making 'U' turns at this point will unduly increase traffic congestion and endanger life; furthermore, said station will be used by many motorists bound east on Cleveland Street and north on Osceola Avenue, and all such motorists will be forced to make a left turn in order to enter the station, thereby unduly increasing traffic congestion and endangering life.

"11.

"Respondents further allege that the erection of a filling station on Petitioners' property would endanger the safety of the City of Clearwater for the following reasons: There is a large volume of pedestrian traffic on the sidewalks adjacent to Petitioners' property due to the fact that the Baptist Church and the City Recreation Parks lie immediately south of the intersection of Cleveland Street and Osceola Avenue, and the Municipal Auditorium, tennis courts, children's playground, municipal dock, and Clearwater Beach Causeway lie immediately west of said intersection; that the erection of a filling station on Petitioners' property would cause a large volume of motor vehicle traffic to cross and re-cross the sidewalks adjacent to said property, and that this traffic would constitute a serious menace and danger to pedestrians using said sidewalks."

The allegations of the proposed return appear to be based principally upon the hypothesis that the traffic ordinances of the City of Clearwater would probably be violated by persons operating automobiles who desired to enter the filling station and that persons driving automobiles entering the proposed filling station would disregard the rights of pedestrians. The allegations are not sufficient to show that if the operators of the automobiles complied with the ordinances of the City and operated their automobiles in the manner required by law that the filling station would be calculated "to create a public nuisance, unduly to increase fire hazard or traffic congestion, or to endanger the safety, health, morals or general welfare of the City of Clearwater."

The proposed amended return is insufficient to show that the relators will unlawfully use their property if permitted to erect a gasoline filling station thereon or that such use of the property will constitute a nuisance.

The record discloses no reversible error and, therefore, the judgment should be affirmed. So ordered.

Affirmed. ·

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.